**Eugene Thompson, Appellee, v. Harry B. Russell et al., Appellants.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action of forcible detainer by Eugene Thompson, plaintiff, against Harry B. Russell and his wife, Mamie Russell, defendants, in the Circuit Court of St. Clair county, to recover possession of a farm in St. Clair county, Illinois. From a judgment of possession in the Circuit Court after appeal from a justice of the peace, defendants appeal.

Plaintiff on December 1, 1911, leased the premises of which possession was sought to be recovered to defendants Harry B. Russell and his wife, Mamie Russell, for a term of three years from March 12, 1912. The lease, in substance, provided *inter alia* that lessees should care for, trim, cultivate and prevent harm to the fruit trees on the farm; should haul free of charge to plaintiff, lime stone or other fertilizer and spread it at points on the farm designated by plaintiff; and grub and chop out as rapidly as possible trees or underbrush from ditches which could otherwise be crossed by machinery.

Vol. CXCVI 38

Differences arose, and on October 7, 1913, plaintiff served a notice to quit on or before October 18th, A. D. 1913, alleging that defendants had made default, and assigning *inter alia* the following reasons: Failure to work the leased premises set apart as wheat ground for the crop of 1913, in a proper and husbandlike manner; failure to haul to the farm and make distribution of fertilizer material provided by the owner, for distribution on the land during the season of 1913, and failure to distribute said fertilizer material in accordance with written directions of owner; failure and refusal to chop and clear out ditches on the premises of trees and undergrowth; and failure to spread fertilizer material around and cultivate the growing fruit trees on the premises.

Defendants did not deliver up possession of the premises at the expiration of the time named.

At the trial the defendant offered the following instruction as their theory of the issues which was given: The court instructs the jury that the only issues before you for your determination are:

"1st. Whether or not defendants failed to work the portion of the premises set apart for wheat for the season of 1914, in a proper and husbandlike manner; and

"2nd. Whether or not defendants failed to haul and distribute fertilizing material, as provided by the lease; and

"3rd. Whether or not defendants refused or failed to clear and chop underbrush and trees on and along the ditches, according to the lease; and

"4th. Whether or not the defendants refused or failed to spread or throw manure around the trees in the orchard.

"If you believe from the preponderance of all the evidence, that the plaintiff has not shown that the defendants did fail or refuse to do some one or more of the above mentioned things, then you should find the issues in favor of the defendants."

It appeared that defendant Harry B. Russell was

engaged in business in St. Louis, Missouri, and that he and his wife, Mamie Russell, rented the farm with the intention that the wife and their son, Harry Russell, Jr., eighteen years of age at the time of trial, should manage the farm; that neither the lessees nor their son had had any actual experience in farming prior to the leasing of this farm. After the lease was made, the Russells made the farm their home. Defendant Harry B. Russell continued in St. Louis and the farm was managed by the wife and son. Plaintiff introduced proof tending to show that the wheat ground was not properly prepared in 1913 for the crop of 1914, while there was proof on the part of defendants that the premises set apart for wheat for the season of 1914 were properly cultivated and prepared for the crop. The proof showed without contradiction that plaintiff shipped to defendants for use upon the farm a carload of manure, which defendants failed to haul out to the farm and distribute as provided by the lease; also that plaintiff had to have this fertilizing material hauled to the farm for distribution. The excuse offered by defendants for failure to haul and distribute the manure is that it was provided at a time when it was unreasonable for them to do so, the lease not fixing the time for hauling. The proof further showed that the underbrush and trees along the ditches were not cut or grubbed but there was proof on the part of defendants tending strongly to show that the ditches, even if cleared of trees and undergrowth, would be impassable·for farm machinery.

As to whether defendants refused or failed to spread the materials furnished them around the trees in the orchard, the proof of the respective parties did not agree.

WEBB & WEBB, for appellants.

E. W. EGGMANN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 90*—*when instruction sufficiently presents issues of fact.* In an action of forcible detainer to recover possession of a farm leased by plaintiff to defendants, on the ground of a breach of the condition thereof, which lease was for a term of three years from March 12, 1912, and required defendants *inter alia* to haul and spread fertilizer furnished by plaintiff for use on the farm, and to remove trees and underbrush from certain ditches, an instruction given at the request of defendants that the jury should find for defendants if plaintiff had not shown by a preponderance of the evidence that defendants (1) "failed to work the portion of the premises set apart for wheat for the season of 1914, in a proper and husbandlike manner;" or (2) "failed to haul and distribute fertilizing material, as provided by the lease;" or (3) "failed to clear and chop underbrush and trees on and along the ditches, according to the lease;" or (4) "refused or failed to spread or throw manure around the trees in the orchard," *held* to present fairly the issues of fact to be determined by the jury under the evidence.

2. TRIAL, § 225*—*when jury must adhere to issues.* The jury are bound to adhere to issues presented to them by proper instructions.

3. TRIAL, § 155*—*when question for jury presented.* Where the evidence is conflicting the case must be submitted to the determination of the jury.

4. FORCIBLE ENTRY AND DETAINER, § 84*—*when evidence sufficient to sustain finding as to breach of lease.* In an action of forcible detainer to recover possession of leased premises on the ground of breach of the condition of the lease by defendants, the lessees, where the evidence was conflicting as to breach, evidence *held* not to warrant an interference with a verdict for plaintiff as being against the preponderance of the evidence.

5. FORCIBLE ENTRY AND DETAINER, § 90*—*when instruction not erroneous as assuming breach of lease.* In an action of forcible detainer to recover possession of a farm leased by plaintiff to defendants, on the ground of a breach of condition by defendants, an instruction given at the request of defendants that the jury should find for defendants if plaintiff had not shown by a preponderance of the evidence that defendants (1) "failed to work the portion of the premises set apart for wheat for the season of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1914, in a proper and husbandlike manner;" or (2) "failed to haul and distribute fertilizing material, as provided by the lease;" or (3) "failed to clear and chop underbrush and trees on and along the ditches, according to the lease;" or (4) "refused or failed to spread or throw manure around the trees in the orchard," *held* to leave the question of defendants' breach to the jury and not to assume that there had been such a breach.